UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ADRIAN GERARD TILLMAN,

    Petitioner,

vs.

D. NEVEN, et al.,

    Respondents.

Case No. 2:06-CV-00237-JCM-(LRL)

**ORDER**

    Before the court are the second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#23) and respondents' amended motion to dismiss (#35). Petitioner has not responded to the motion (#35) and thus consents to its granting. *See* LR 7-2(d). The court finds that this action is untimely and grants the motion (#35).

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

1  28 U.S.C. § 2244(d)(1). Any time spent pursuing a properly-filed application for state post-
2  conviction review or other collateral review does not count toward this one-year limitation period.
3  28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment
4  becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th
5  Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the
6  period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Equitable tolling of the
7  period might be available, but the petitioner must show "(1) that he has been pursuing his rights
8  diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.
9  The petitioner effectively files a federal petition when he mails it to the court. Stillman v.
10  Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

11  On July 1, 1999, pursuant to a plea of guilty, petitioner was convicted in state court
12  of second-degree murder, conspiracy to commit murder, and carrying a concealed weapon. Ex. 4
13  (#37-3, p. 2).[1] Petitioner did not appeal, and the judgment became final upon expiration of the time
14  to appeal on August 2, 1999. *See* Nev. R. App. P. 4(b)(1), 26(a). Petitioner filed in state court a
15  motion to withdraw his guilty plea on April 27, 2005. Ex. 7 (#37-3, p. 13). The district court
16  denied that motion on May 12, 2005. Ex. 10 (#37-4, p. 2). Petitioner did not appeal that decision.
17  Petitioner then filed in state court a post-conviction habeas corpus petition. Ex. 11 (#37-4, p. 5).
18  The district court dismissed that petition as untimely pursuant to Nev. Rev. Stat. § 34.726. Ex. 16
19  (#37-5, p. 32). Petitioner appealed, and the Nevada Supreme Court affirmed for the same reason.
20  Ex. 17 (#37-5, p. 38). Remittitur issued on January 18, 2006. Ex. 18 (#37-5, p. 44). Petitioner then
21  commenced this action by mailing his original petition (#6) to the court on February 15, 2006.

22  This action is untimely. Petitioner had nothing pending in state court in the year after
23  his judgment of conviction became final, and the one-year period of limitation expired on August 2,
24  2000. Petitioner's state habeas corpus petition was untimely, and thus it was not properly filed for
25  the purposes of statutory tolling pursuant to 28 U.S.C. § 2244(d)(2). *See* Pace, 544 U.S. at 417.
26  Even if the state habeas corpus petition was entitled to statutory tolling, petitioner filed both it and

---

28  [1] Page numbers in parentheses refer to the court's computer images of the documents.

-2-

his motion to withdraw his plea in 2005, well after the period of limitation had already expired, and there was nothing left to toll. *See* Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner did not present any considerations for equitable tolling because he did not respond to the motion to dismiss (#35).

   IT IS THEREFORE ORDERED that respondents' motion to dismiss (#35) is **GRANTED**. This action is **DISMISSED** with prejudice as untimely. The clerk of the court shall enter judgment accordingly.

   DATED: September 23, 2008.

_____
JAMES C. MAHAN
United States District Judge